UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY BRYANT,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN R. SOLOMONSON, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 22-cv-12238<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**AMENDED
REPORT AND RECOMMENDATION TO GRANT DEFENDANT
SOLOMONSON'S MOTION TO DISMISS (ECF NO. 19)**

## I.   Introduction

Plaintiff Jeffery Bryant, a prisoner who was confined at the Gus Harrison Correctional Facility (ARF), filed this pro se civil rights action under 42 U.S.C. § 1983, alleging that Defendants John R. Solomonson and Savithri Kakani violated his Eighth Amendment rights.  ECF No. 1.  The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 20.  Solomonson moves to dismiss the claim against him.  ECF No. 19.  The Court **RECOMMENDS** that Solomonson's motion be **GRANTED**.

II.     **Background**

Bryant alleges that he injured his ankle playing basketball while at ARF and was first treated by Solomonson.  ECF No. 1, PageID.16.  Solomonson determined that a hospital visit was unnecessary because the ankle was only sprained, and he treated the injury accordingly.  *Id.*  When Bryant saw physician assistant Kakani five days later, he again asked to go to the hospital because his injury had worsened.  *Id.*  Kakani allegedly said that Bryant did not know what he was talking about and removed him from her office.  *Id.*, PageID.16-17.  Bryant was allegedly sent to the hospital six weeks later and had surgery for a torn Achilles tendon.  *Id.*, PageID.7-8, 17.

Bryant asserts an Eighth Amendment claim, alleging that Solomonson and Kakani were deliberately indifferent by denying him proper medical treatment.  *Id.*, PageID.7, 16-17.  Solomonson seeks dismissal of the claim against him.

III.    **Analysis**

<div align="center">**A.**</div>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 101 (1976). Because the government must provide medical care for those it has incarcerated, "[d]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," and thus violates the Eighth Amendment. *Estelle*, 429 U.S. at 103-04. But a plaintiff must show more than a mere failure to provide adequate medical care to prove a constitutional violation. *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). "A constitutional violation arises only when a prison official exhibits deliberate indifference to a prisoner's serious illness or injury that can be characterized as obduracy and wantonness rather than inadvertence or" good-faith error. *Id.* (cleaned up).

To prevail on a deliberate indifference claim, an inmate must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective component, Bryant must allege facts showing that Solomonson's acts or omissions deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm." *Id.* The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of

4

but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

Bryant has not pleaded facts supporting the subjective component.  Since Bryant "received treatment for his condition, he must show that his treatment was so woefully inadequate as to amount to no treatment at all."  *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (cleaned up).  In such cases, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (cleaned up).  So a medical provider's "errors in medical judgment or other negligent behavior do not suffice to establish deliberate indifference," and he is not liable if he provides "reasonable treatment, even if the outcome of the treatment is insufficient or even harmful."  *Rhinehart*, 894 F.3d at 737; *see also Estelle*, 429 U.S. at 106 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Bryant's allegations against Solomonson concern his allegedly negligent diagnosis and treatment.  Bryant alleges that Solomonson

decided not to send him to the hospital because he believed Bryant's injury was only a sprain and was "not that serious." ECF No. 1, PageID.16. Solomonson treated Bryant accordingly, wrapping his ankle in an Ace bandage and giving him crutches and ice. *Id.*, PageID.7, 16. And when Bryant insisted that he needed to go to the hospital because he heard something pop and could not use his ankle, Solomonson scheduled him to see a physician assistant. *Id.*, PageID.16. No allegation suggests that Solomonson knew that Bryant ruptured his Achilles tendon or needed more extensive or urgent treatment.

Bryant's response reinforces the view that he challenges Solomonson's diagnosis and treatment. *See* ECF No. 23, PageID.89-90 (arguing that Solomonson failed to "correctly assess my problem" and that he "made the wrong decision" and the "wrong diagnosis"). Bryant also argues that Solomonson failed to obtain imaging and had him wait five days to see a physician assistant. *See id.*, PageID.89. But those decisions stemmed from Solomonson's misdiagnosis of the injury. As discussed above, negligence in diagnosing and treating a medical condition does not amount to deliberate indifference. *Estelle*, 429 U.S. at 106.

Other courts have likewise held the subjective element is not met under similar facts. *See, e.g.*, *Adams v. Ingram*, No. 3:12-cv-00162, 2015

6

WL 1256442, at *4 (S.D. Ill. Mar. 17, 2015) ("There is no evidence that [a nurse's] misdiagnosis of [the plaintiff's] Achilles tendon injury as a sprain was deliberate indifference, that is, that she knew he had a more serious problem than a sprain and that she disregarded that more serious injury."); *Clark v. Swain*, No. 08-CV-0637, 2011 WL 6938458, at *3 (W.D.N.Y. Oct. 12, 2011), *adopted*, 2012 WL 11128 (W.D.N.Y. Jan. 3, 2012) ("That [the defendant's] initial examination did not diagnose plaintiff's injury as a ruptured [A]chilles tendon or cause her to refer plaintiff for immediate transfer to a hospital, is insufficient, without more, to satisfy the subjective element of a claim of deliberate indifference to a serious medical need."); *Irby v. Frisnia*, 119 F. Supp. 2d 130, 132 (N.D.N.Y. Sept. 25, 2000) (granting the defendants' motion for summary judgment, since "[a]t most they are guilty of negligence in failing to initially diagnose [a ruptured Achilles tendon], but even this misdiagnosis was based on a reasonable, although incorrect, assessment of Plaintiff's condition").

Thus, Bryant fails to state a viable Eighth Amendment claim against Solomonson.

## IV.  Conclusion

The Court thus **RECOMMENDS** that Solomonson's motion to dismiss be **GRANTED** (ECF No. 19).


                                    s/Elizabeth A. Stafford
                                    ELIZABETH A. STAFFORD
                                    United States Magistrate Judge

Dated: March 20, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 20, 2023.

<div style="text-align:right">

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

</div>