UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFERY BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>JOHN R. SOLOMONSON, *et al.*,<br><br>Defendants. | Case No. 22-cv-12238<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT KAKANI'S MOTION TO DISMISS (ECF NO. 49)**

## I.  Introduction

Plaintiff Jeffery Bryant, proceeding pro se, sues Defendant Savithri Kakani under 42 U.S.C. § 1983, stating that she violated his Eighth Amendment rights.  ECF No. 1.  The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 20.

Kakani moves to dismiss Bryant's claims against her.  ECF No. 49.  When Bryant did not respond to the motion, this Court ordered him to show cause in writing "why the claims against Kakani should not be dismissed for the reasons described in the motion to dismiss."  ECF No. 55, PageID.212.

Bryant filed a response to the order to show cause that this Court treats as a response to Kakani's motion. ECF No. 57. The Court **RECOMMENDS** that Kakani's motion to dismiss be **DENIED**.

## II.     Background

Bryant claimed that he was playing basketball when he injured his ankle. ECF No. 1, PageID.16. J.R. Solomonson,[1] a nurse, then wrapped his ankle, gave him crutches, and scheduled him to see the physician's assistant (PA). *Id.*, PageID.7. When Bryant saw PA Kakani five days later, he reported that his injury was worse and asked why he had not been sent to the hospital. *Id.*, PageID.16-17. He alleges that the area from his ankle to his calf was black. *Id.*, PageID.16. Bryant alleges that his discussion with Kakani became heated; she told him to be quiet, that he did not know what he was talking about, and to leave her office. *Id.*, PageID.16-17. Bryant refused to leave the medical building and was thus put in segregation. *Id.*, PageID.17. While Bryant was in segregation, a nurse noticed his injury and immediately sent him to the hospital for an MRI. *Id.* At the hospital, the medical staff questioned why the prison delayed in

---

[1] Bryant named Solomonson as a defendant, but Judge Parker adopted this Court's recommendation and dismissed the claim against Solomonson. ECF No. 35.

sending him to the hospital.  *Id*.  He later received Achilles tendon reconstruction surgery.  *Id.*, PageID.8.

Bryant claims that Kakani violated his Eighth Amendment rights by being deliberately indifferent to his health when she refused to send him to the hospital.  *Id.*, PageID.7-8, 16-17.  Kakani asks the Court to dismiss the case.  ECF No. 49.

### III.   Analysis

#### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 101 (1976). Because the government must provide medical care for those it has incarcerated, "[d]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," and thus violates the Eighth Amendment. *Estelle*, 429 U.S. at 103-04. But a plaintiff must show more than a mere failure to provide adequate

medical care to prove a constitutional violation. *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). "A constitutional violation arises only when a prison official exhibits deliberate indifference to a prisoner's serious illness or injury that can be characterized as obduracy and wantonness rather than inadvertence or" good-faith error. *Id.* (cleaned up).

To prevail on a deliberate indifference claim, an inmate must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective component, Bryant must allege facts showing that Kakani's acts or omissions deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm." *Id.* The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

Addressing the objective component, "a medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo*

*County*, 390 F.3d 890, 897 (6th Cir. 2004) (cleaned up).  Viable claims about the denial of immediate medical attention "involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem whereas delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation."  *Id*. (cleaned up).

"Courts have generally agreed that a ruptured Achilles tendon is a serious medical need."  *Bradford v. Owens*, No. 3:11-CV-P488-DJH, 2016 WL 7015662, at *8 (W.D. Ky. Nov. 29, 2016) (collecting cases).  The court in *Petties v. Carter* explained the seriousness of the injury.

> An Achilles tendon rupture is a tear in the tendon which impedes the ability of the foot to point downward, causing pain and limiting mobility. Walking around on a ruptured tendon exacerbates the injury, increasing the gap between the torn edges of a tendon because of the way that muscles contract in the foot and calf. Immobilizing the injured foot prevents stretching of the tear and allows the torn edges of the tendon to sit together, and scar tissue to form, rejoining the edges. When an Achilles rupture is not immobilized, the stretching apart of the torn tendon edges when the injured foot hits the ground causes severe pain and weakness.

836 F.3d 722, 726 (7th Cir. 2016).

And Bryant plausibly alleges that his need for medical attention without delay was obvious.  He asserts that his ankle was black, dead-looking, and very swollen to the point of looking like two legs.  ECF No. 1,

PageID.16.  He says that the nurse in segregation sent him to the hospital just after observing his injury.  *Id.*, PageID.17.  And Bryant claims that the staff at the hospital asked why he was not sent sooner and that an MRI revealed that he needed surgery.  *Id*.  These allegations state a plausible claim to satisfy the objective component.

Kakani argues that her motion to dismiss should be granted because "there is no verifying medical evidence of a detrimental effect of the alleged 'delay' in sending Mr. Bryant to the hospital."  ECF No. 49, PageID.184.  But "verifying medical evidence is not required to state a claim for deliberate indifference where, as here, the seriousness of prisoner's need for medical care is obvious."  *Blackmore*, 390 F.3d at 900.

Bryant also states a claim for the subjective component of his deliberate indifference claim.  Kakani is right that, when the adequacy of treatment is in dispute, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  ECF No. 49, PageID.177 (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).  But "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all."  *Westlake*, 537 F.2d at 860 n.5 (cleaned up).

7

Here, Bryant claims that his injury was obvious (as detailed above) and that he told Kakani that his ankle caused him much pain, requiring him to take multiple Tylenol pills every one to two hours. ECF No. 1, PageID.16. But according to Bryant, Kakani threw him out of her office rather than giving him medical attention or sending him to the hospital. *Id.* So Bryant's claim is not that Kakani gave him inadequate medical attention; he claims that she gave him no treatment at all.

And Bryant's allegations plausibly state a claim that Kakani had "a sufficiently culpable state of mind in denying medical care" to satisfy the subjective component of a deliberate indifference claim. *Burwell v. City of Lansing, Michigan*, 7 F.4th 456, 465 (6th Cir. 2021) (cleaned up). A sufficiently culpable state of mind is shown when the defendant was aware of but ignored "facts from which the inference could be drawn that a substantial risk of serious harm exists." *Blackmore*, 390 F.3d at 896 (cleaned up). As noted, Bryant claims that his injury was so obvious that the nurse in the segregation unit and the medical staff recognized his need for immediate medical attention, but that Kakani refused to treat him.

In sum, Bryant plausibly claimed that Kakani was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

## IV.     Conclusion

The Court **RECOMMENDS** that Kakani's motion to dismiss be **DENIED** (ECF No. 49).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: August 2, 2024


### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2024.

s/Donald Peruski
DONALD PERUSKI
Case Manager