UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY BRYANT,

              Plaintiff,

v.

SAVITHRI KAKANI,

              Defendant.

Case No. 22-12238
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**ORDER GRANTING PLAINTIFF'S THIRD**
**MOTION TO APPOINT COUNSEL (ECF NO. 62)**

Plaintiff Jeffrey Bryant, proceeding pro se, sues Defendant Savithri Kakani under 42 U.S.C. § 1983, stating that Kakani violated his Eighth Amendment rights when she was deliberately indifferent to his medical needs.  ECF No. 1.  The Honorable Linda V. Parker referred this case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 20.  Bryant moves a third time for appointment of counsel.  ECF No. 62.

Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  Although a district court is vested with broad discretion

in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Exceptional circumstances warrant appointing Bryant counsel. The Court denied Kakani's motion to dismiss, finding that Bryant stated a claim that Kakani was deliberately indifferent to his medical needs. ECF No. 58; ECF No. 60. Bryant's case thus involves complex factual and legal issues that will likely require the need for medical expertise.

Thus, the Court **GRANTS** Bryant's motion. The case will be stayed

2

for **30 days** while the Court attempts to obtain pro bono counsel. If pro bono counsel is not obtained within **30 days**, the stay will be lifted, and Bryant will proceed pro se.

**IT IS SO ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 15, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2024.

            s/Davon Allen
            DAVON ALLEN
            Case Manager